**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**PATRICIA K. LANGER and HENRY J. LANGER,**

Plaintiffs,

v.

**UNITED STATES OF AMERICA,**

Defendant.

Civil No. 01-1094 (MJD/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Henry J. Langer, pro se

Kari Larson, Esq., for Defendant United States of America

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 17, 2003, on Defendant's Second Motion for Summary Judgment (Doc. No. 45). The case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. As Plaintiff Patricia Langer did not appear, her argument rested on her Memorandum to the Court.

## I. INTRODUCTION

Plaintiffs Henry Langer and Patricia Langer ("the Langers") were assessed certain unpaid taxes in June 1997. The Langers contend the assessment was for income and not employment tax, and that the Internal Revenue Service ("IRS") failed to comply with statutory procedural

FILED OCT 31 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

requirements applicable to income tax assessments. Those procedural requirements do not apply to employment taxes.

On May 7, 2001, the Langers brought their case before the United States Tax Court, which dismissed for lack of jurisdiction. The Langers then filed a Complaint in federal district court in June 2001 appealing the determination of a Collection Due Process hearing. The Government moved for summary judgment, which was denied on March 20, 2003. The Government now brings its Second Motion for Summary Judgment.

## II. FACTUAL BACKGROUND

For the purpose of summary judgment, the Court views the facts in the light most favorable to the non-moving party. Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997) (citations omitted). At issue is whether a June 9, 1997 federal tax assessment of $1,647.24 for 1993 and $2,685.44 for 1994 should have been assessed as employment or income taxes. The underlying facts of the case are set out in detail in the Honorable Michael J. Davis's denial of the Government's first motion for summary judgment, and need not be repeated here. Langer v. United States, No. 01-1094 (MJD/FLN), 2003 U.S. Dist. LEXIS 6137, at *1-9 (D. Minn. Mar. 21, 2003).

In denying the Government's first summary judgment motion, the District Court found that the Government failed to establish conclusively that the assessments were properly characterized as employment and not income

taxes. Id. at *18-19. The Government contends that the only issue remaining for trial is the character of the June 9, 1997 assessments. The District Court's Order of March 21, 2003 concluded:

> Since the Langers' claim is essentially that the FICA [employment] taxes were incorrectly assessed as 1040 [income] liability, the Defendant, in order to prevail on its summary judgment motion must address that issue and demonstrate that there are no issues of material fact that a jury could consider. . . . [The Defendant] has not reached the greater alleged irregularity: the fact that the notices [the Langers] received characterize the tax as a 1040 liability.

Id. As a result, the Government now argues that the Langers' previous petition to the Tax Court in 2001 controls the disposition of the case. At that time, the IRS moved to dismiss for lack of subject matter jurisdiction, arguing that the Tax Court lacked jurisdiction over the Langers' claims. The Government argued that under I.R.C. § 6330(d)(1), the Tax Court has jurisdiction to hear appeals of § 6330 determinations if it has jurisdiction over the underlying tax liability, but that the Tax Court lacks jurisdiction over employment tax liabilities under Moore v. Commissioner, 114 T.C. 171, 175 (2000) and Anderson & Latos v. Commissioner, T.C. Memo. 2000-311.

On May 18, 2001, the Tax Court entered an Order of Dismissal on Respondent's Motion to Dismiss for Lack of Jurisdiction, which provided no discussion or analysis explaining the Tax Court's decision. Langer v. Commissioner, T.C. No. 10630-00L (May 18, 2001). However, near the end of oral argument, the Honorable John J. Pajak of the Tax Court explained to Mr.

Langer his decision to dismiss by stating that the court did not have statutory jurisdiction because the Langers' liability "comes up as an employment-tax liability when I look at the documents." (Tr. Tax Ct. Hr'g at 4:25 - 5:1.)

On August 25, 2003, the District Court granted the United States' Motion for Leave to File its Second Summary Judgment Motion Out of Time for good cause shown, and denied the Langers' objections to that motion. The Government now moves for its Second Motion for Summary Judgment, arguing that the only remaining issue for trial in this suit is the character of the tax, which has been determined by the Tax Court and, thus, may not be relitigated under the doctrine of issue preclusion.[1] The Langers assert that this Court retains power to hear the suit.

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A disputed fact is "material" if it must ultimately be

[1] Issue preclusion was formerly known as collateral estoppel. Anderson v. Genuine Parts Co., Inc., 128 F.3d 1267, 1272 (8th Cir. 1997).

resolved and if its resolution will determine the outcome of the case. Id. Materiality is determined by examining the substantive law of the claims. Id.

The non-moving party may not rest upon the pleadings alone as a response but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party may not rely on mere allegations or denials but must present specific facts. Lambert v. City of Dumas, 187 F.3d 931, 935 (8th Cir. 1999) (citations omitted).

## IV. DISCUSSION

The Government asserts that the parties are barred from re-litigating the character of the tax under the doctrine of issue preclusion because the Tax Court decided the character of the tax liabilities on the merits in reaching its procedural decision to dismiss for lack of jurisdiction. The Government contends that since the Tax Court characterized the liabilities at issue as employment rather than income taxes, the procedural deficiencies of which the Langers complain are irrelevant, and summary judgment is appropriate. The Langers argue that this Court has jurisdiction over their case, and that issue preclusion is not a concern. Instead, the Langers insist that the pertinent issues before this Court are whether the assessment is valid, the liability properly assessed, and the Plaintiffs subject to an employee share of FICA tax. (Pls.' Mem. Opp'n Second Mot. Summ. J. at 1.)

This Court agrees with the United States that while it does have jurisdiction over the Langers' suit, it is nevertheless bound by the doctrine of

issue preclusion from determining the issues asserted by the Langers, that is, from determining the proper character of liability as either income or employment tax.

Where a court directly determines an issue, that issue cannot be disputed in a separate suit between the same parties. Montana v. United States, 440 U.S. 147, 153-54 (1979). Under issue preclusion, once an issue is actually and necessarily determined, that determination is conclusive in subsequent suits involving a party to the prior litigation. Id. Five factors determine whether issue preclusion applies:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;
> (2) the issue sought to be precluded must be the same as the issue involved in the prior action;
> (3) the issue sought to be precluded must have been actually litigated in the prior action;
> (4) the issue sought to be precluded must have been determined by a valid and final judgment; and
> (5) the determination in the prior action must have been essential to the prior judgment.

Anderson v. Genuine Parts Co., Inc., 128 F.3d 1267, 1273 (8th Cir. 1997).

First, because the party sought to be precluded in the second suit, the Langers, are identical to the original party, factor one is met. See id. Second, the issue determined by the Tax Court is identical to the issue before this Court, that is, whether the June 1997 tax assessments were properly characterized. Upon this Court's review of the motion papers and transcript of the hearing before the Tax Court, the character of the tax was the sole issue

that court considered in determining the absence of subject matter jurisdiction. Thus, factor two is met. See id.

The third factor, whether the issue to be precluded was actually litigated, is likewise met. See id. In its motion to dismiss before the Tax Court, the Government argued that the June 1997 assessments were properly characterized as employment rather than income tax, and, thus, that the Tax Court did not have jurisdiction over the matter. The Langers objected with written and oral arguments. A hearing was held where both parties had the opportunity to argue their positions. At the end of oral argument, the Tax Court explained to the Langers why it intended to grant the Government's motion, specifically stating that the court felt the tax was an employment assessment. While the Tax Court's order contains no explanation or legal analysis, this Court is convinced that the Tax Court's conclusion that it had no jurisdiction over the claim effectively determined the issue of tax character. Thus, for purposes of issue preclusion, the issue of tax character was actually litigated by the Tax Court.

Fourth, the issue of tax character was determined by a valid and final judgment, thus satisfying the fourth factor of the issue preclusion test. See id. That final judgment was predicated on a factual and legal finding by the court that the June 1997 assessments were employment taxes. If factual findings are made by a court in determining subject matter jurisdiction, issue preclusion binds later courts to those factual findings. Okoro v. Bohman, 164

F.3d 1059, 1063 (7th Cir. 1999); Atl. City Mun. Utils. Auth. v. Reg'l Adm'r, 803 F.2d 96, 103 (3rd Cir. 1986) (citing Restatement (Second) of Judgments § 68 (1977)); Acree v. Airline Pilots Ass'n, 390 F.2d 199, 203 (5th Cir. 1968). In other words, a dismissal for lack of subject-matter jurisdiction, while not binding as to all matters that could have been raised, is conclusive as to matters actually adjudged. See also Mizokami Bros. of Ariz., Inc. v. Mobay Chem. Corp., 660 F.2d 712, 716-17 (8th Cir. 1981).

Lastly, the determination of the character of the liability was essential to the previous final judgment, such that the fifth factor is met. See Anderson, 128 F.3d at 1273. The Tax Court dismissed the Langers' petition specifically upon determining that the tax liability underlying the petition was employment rather than income tax.

The crux of the Langers' allegations against the United States is that the June 1997 assessment was for income tax liability, and that the IRS's failure to comply with statutory procedural requirements applicable to federal tax assessments warrants judgment in favor of the Langers. The Langers do not dispute that these procedural requirements are inapplicable to employment taxes. As the only issue remaining for trial is the proper characterization of the tax, and as the Tax Court has effectively determined that the liabilities at issue are employment rather than income taxes, this case is ripe for summary judgment. Because allegations of procedural failures by the Government are irrelevant if the June 1997 assessment was for employment taxes, there remain

no genuine issues sufficient to allow a reasonable jury to return a verdict for the Langers. See Anderson, 477 U.S. at 248. Therefore, this Court recommends that the Government's Second Motion for Summary Judgment be granted.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Second Motion for Summary Judgment (Doc. No. 45) should be **GRANTED**.

Dated: October 31, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by NOV. 19, 2003, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.