Civ#01-1094 MJD/JGL

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-1407

| | | |
|---|---|---|
| Patricia K. Langer; Henry J. Langer, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| United States of America, | * | District of Minnesota. |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

Submitted: December 30, 2004
Filed: February 8, 2005

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

PER CURIAM.

Henry and Patricia Langer (husband and wife) appeal the district court's adverse grant of summary judgment in their action challenging the Internal Revenue Service's (IRS's) attempt to collect by levy Federal Insurance Contributions Act (FICA) taxes. We reverse.

The Langers' pro se complaint sought review of the determination of the IRS Office of Appeals that Patricia Langer was liable for the employee portion of certain unpaid FICA taxes, and that the IRS could collect such taxes by levy. The crux of their complaint is that the IRS incorrectly assessed Patricia Langer's FICA taxes as

SCANNED
APR 04 2005
U.S. DISTRICT COURT MPLS

income taxes, and thus the IRS cannot use its administrative procedures to collect these taxes by levy. The district court granted summary judgment to the IRS, concluding that, because the Tax Court had determined in a prior proceeding that the taxes at issue in this case were FICA and not income liabilities, collateral estoppel prevented the Langers from arguing that the IRS had incorrectly assessed the taxes as income taxes. We disagree with this conclusion.

By way of background, although the IRS need not send deficiency notices to taxpayers before assessing FICA taxes, where the underlying tax is an income, estate, gift, or excise tax, the IRS is required to send the taxpayer a deficiency notice before making the assessment. See 26 U.S.C. §§ 6212, 6213(a). Consistent with this statutory obligation, the Tax Court has subject matter jurisdiction only with regard to taxpayer challenges of (1) an IRS pre-assessment deficiency notice; or (2) the IRS's assessment of an income, estate, gift, or excise tax before complying with the required deficiency-notice procedures. See 26 U.S.C. § 6213(a) (authorizing taxpayer to file suit in Tax Court for redetermination of noticed tax deficiency; also authorizing taxpayer to obtain injunction in Tax Court if IRS assesses income, estate, gift, or excise tax without complying with required notice-of-deficiency procedures); Laing v. United States, 423 U.S. 161, 165 n.4 (1976) (deficiency notice is of import primarily because it is jurisdictional prerequisite to taxpayer's suit in Tax Court for redetermination of his tax liability).

Turning to the instant case, before the Langers filed this action in the district court, they sought review of the IRS's collection procedures with the Tax Court. The Tax Court, however, concluded that the Langers' case "c[ame] up as an employment-tax [FICA tax] liability," and thus the Tax Court dismissed the suit based on lack of subject matter jurisdiction. We believe the Tax Court's dismissal disposes of only two issues: (1) that the IRS did not send the Langers a deficiency notice; and (2) that the underlying tax is in fact not an income, estate, gift, or excise tax, and thus the IRS was not required under sections 6212 and 6213(a) to send the Langers a deficiency

notice. We note, however, that the Langers acknowledge the underlying tax is in fact a FICA tax; instead, the essence of their suit is that the IRS incorrectly assessed the FICA tax as an income tax, and thus it cannot be levied. Because that issue was not decided by the Tax Court, the application of collateral estoppel was erroneous.

The IRS next argues that a stipulation the Langers made in district court--that "[o]nly Patricia Langer's FICA tax liabilities are at issue in this case"--provides this court with an alternative basis to affirm the district court's finding that the taxes were assessed as FICA taxes. We disagree. We believe this stipulation merely reflects the parties' understanding that the underlying liability at issue in this case stems from unpaid FICA taxes, whereas, once again, the crux of the Langers' complaint is that the unpaid FICA taxes cannot be collected because the IRS incorrectly assessed them as income taxes.

Finally, we decline to consider as an alternative ground for affirmance that various computer printouts submitted to the district court conclusively establish the FICA tax was properly assessed as such. Cf. Roberts v. Commissioner, 329 F.3d 1224, 1228 (11th Cir. 2003) (per curiam) (noting courts have held that Form 4340 Certificate of Assessment constitutes at least presumptive proof tax has been validly assessed). The district court did not address this argument, and we decline to do so in the first instance on appeal. The district court may consider the government's alternative position on remand. See Cody v. Weber, 256 F.3d 764, 769 n.2 (8th Cir. 2001) (declining prison officials' invitation to affirm summary judgment order on alternative grounds of qualified immunity, where district court did not rule on that issue in first instance).

Accordingly, we reverse the grant of summary judgment based on collateral estoppel, and we remand for further proceedings consistent with this opinion.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans