UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| HENRY J. LANGER and PATRICIA K. LANGER,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | ) | Civil No. 01-1094 (MJD/JGL) |

**UNITED STATES' MOTION TO HAVE CASE SET FOR NON-JURY TRIAL AND BRIEF IN SUPPORT**

The United States moves to have this case, which is currently set to be tried to a jury, re-set for a non-jury trial because no party demanded a jury trial and because there is no right to a jury trial in actions such as this in which the United States is a party.

Plaintiff, Henry J. and Patricia K. Langer, filed this case pursuant to 26 U.S.C. § 6330, seeking judicial review of an adverse IRS determination concerning a collection due process hearing. Although no party filed a jury demand, this Court's scheduling order has this case set for trial to a jury on February 6, 2006.

**I. This case should be tried to the Court because no party demanded a trial by jury as required by Fed. R. Civ. P. 38.**

This case should be set for a non-jury trial because no party demanded a jury trial as required by the Federal Rules of Civil Procedure. Rule 38 requires that a demand for a jury trial be made in writing and filed with the court no later than 10 days after service of the last pleading directed to the issue to be tried. Fed. R. Civ. P. 38(a). Failure to file such a demand "constitutes a waiver by the party of trial by jury." Therefore, this case should be set for a non-jury trial

because no party demanded trial by jury.

**II. This case should be tried to the Court because there is no right to a jury trial in a judicial review of an adverse determination by the IRS under 26 U.S.C. § 6330.**

There is no right to a jury trial in cases involving judicial review of an adverse IRS determination in the context of a hearing under 26 U.S.C. § 6330. A taxpayer seeking judicial review of an adverse determination by the IRS under 26 U.S.C. § 6330(d) can only ask the court to consider an issue that was raised in the taxpayer's collection due process hearing. "Courts interpreting these provisions have determined that actions brought pursuant to § 6330(d) are actions for administrative review and, thus, the reviewing district court is limited to the administrative record and the parties are not entitled to discovery or jury trial." *Hart v. United States,* 291 F. Supp. 2d 635, 640 (N.D. OH 2003) (*citing Cmty. Residential Servs. v. United States,* 2003 U.S. Dist. LEXIS 7754, 2003 WL 21033239 at *1 (M.D.N.C May 7, 2003); *Carroll v. United States,* 217 F. Supp.2d 852, 858 (W.D. TN 2002)).

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court designate this case as a non-jury case, and set it for trial to the Court accordingly.

THOMAS B. HEFFELFINGER
United States Attorney

s/ Thomas M. Newman
THOMAS M. NEWMAN
Connecticut Bar No. 422187
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9926
Facsimile: (202) 514-6770
Email: thomas.m.newman@usdoj.gov